Filed 6/7/16  P. v. Bloodsaw CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAMES RODNEY BLOODSAW,<br><br>    Defendant and Appellant. | B268499<br><br>(Los Angeles County<br>Super. Ct. No. KA034522) |

APPEAL from a judgment of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Jonathan B. Steiner and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

James Rodney Bloodsaw (Bloodsaw) is an inmate serving a 25 years to life sentence as a third strike offender under the pre-Proposition 36 version of California's "Three Strikes" law.  Pursuant to Proposition 36, Bloodsaw petitioned for resentencing as a second strike offender and subsequently appealed the trial court's denial of his petition.

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record, we affirm the judgment because Bloodsaw's prior conviction for a sexually violent crime is a disqualifying offense precluding him from being sentenced to any sentence other than a third-strike prison term.  We provide the following brief summation of the factual and procedural history of the case.  (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 124 (*Kelly*).)

Bloodsaw suffered the following two convictions before the commission of the offense in the current case:  In May 4, 1983, in case No. A904276, a trial court convicted Bloodsaw of residential burglary in violation of Penal Code section 459.[1]  On November 16, 1989, in case No. A963657, a trial court convicted Bloodsaw of forcible rape while acting in concert in violation of section 264.1.

The underlying convictions in the current case (No. KA034522) arose from an event that occurred on or about December 16, 1996, wherein Bloodsaw attempted to cash multiple counterfeit traveler's checks at a bank located in Pomona.  On June 5, 1997, the People filed a second amended information (the information) charging Bloodsaw with forgery of a fictitious check in violation of section 470, subdivision (a) (count 1), attempted grand theft of personal property in violation of sections 664 and 487 (count 2), second degree commercial burglary in violation of section 459 (count 3), possession of a blank bill and note in violation of section 475 (count 4), and resisting, obstructing, and delaying a peace officer in violation of section 148, subdivision (a) (count 5).

The information alleged that, as to counts 1 through 4, Bloodsaw suffered two prior strike offenses pursuant to the Three Strikes law, sections 1170.12, subdivisions (a)-

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

(d), and 667, subdivisions (b)-(i): the 1983 conviction for residential burglary and the 1989 conviction for forcible rape while acting in concert.

On June 10, 1997, a jury found Bloodsaw guilty on all five counts and also found true the two prior strike offenses. Pursuant to the Three Strikes law, the trial court sentenced Bloodsaw as a third strike offender to 25 years to life on each of counts 1-4. On appeal, the appellate court affirmed the conviction but modified the judgment to stay the sentences imposed on counts 2, 3, and 4.

On November 6, 2012, California voters passed Proposition 36, the Three Strikes Reform Act of 2012. The Act became effective the next day. Prior to the enactment of Proposition 36, the Three Strikes law provided that upon conviction for *any* third felony, a defendant convicted of two prior serious or violent felonies would be deemed a third strike offender subject to an indeterminate sentence of 25 years to life. (*People v. White* (2014) 223 Cal.App.4th 512, 517.) After Proposition 36 became effective, however, the Three Strikes law provided that only if the third felony was a *serious or violent* felony would such a defendant be deemed a third strike offender; absent a serious or violent third felony, the defendant would be sentenced as a second strike offender unless the prosecution pleaded and proved certain disqualifying factors thus elevating the defendant to a third strike offender. (*Ibid.*) As a result of Proposition 36, a third strike offender serving a life sentence for a third felony that is neither a serious nor violent felony may file a petition for recall of his or her life sentence and to request resentencing as a second strike offender. (See § 1170.126, subd. (d).)

On October 30, 2014, Bloodsaw petitioned for resentencing pursuant to section 1170.126. Bloodsaw argued that his third felony conviction for forgery of a fictitious check did not constitute a serious or violent felony and therefore he was eligible for resentencing as a second strike offender.

On December 12, 2014, the People opposed Bloodsaw's petition because Bloodsaw was both ineligible and unsuited for resentencing. With respect to Bloodsaw's ineligibility, the People asserted the prior conviction for forcible rape while acting in concert was an enumerated disqualifying offense.

3

Specifically, section 1170.126, subdivision (e)(3) states that an inmate is ineligible for resentencing if he or she has a prior conviction for any of the offenses listed in sections 667, subdivision (e)(2)(C)(iv) or 1170.12, subdivision (c)(2)(C)(iv). These two statutes identify as a disqualifying offense a "sexually violent offense" as defined in Welfare and Institutions Code section 6600, subdivision (b). Bloodsaw's conviction for forcible rape while acting in concert meets the definition of such a "sexually violent offense."

As for Bloodsaw's unsuitability for resentencing, the People pointed to his history of serious misconduct during his 17 years in prison to date, his lengthy 14-year criminal history prior to his current incarceration, his pattern of committing crimes immediately after being released on parole, and his identification as a member of a criminal gang. For the foregoing reasons, the People argued that Bloodsaw's release from prison would pose an unreasonable risk of danger to public safety.

Agreeing with the People that Bloodsaw had a disqualifying prior conviction rendering him ineligible for resentencing under Proposition 36, the trial court denied Bloodsaw's petition. Bloodsaw timely appealed.

After reviewing the record, Bloodsaw's court-appointed counsel filed an opening brief declaring that they found no arguable issues on appeal and requesting that this court independently review the record to determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d at pp. 441–442.) On March 2, 2016, we directed appointed counsel to send the record on appeal and a copy of the opening brief to Bloodsaw and notified Bloodsaw that within 30 days from the date of the notice he could submit by brief or by letter any ground of appeal, contention or argument he wished us to consider. To date, we have received no response.

We have examined the record in accordance with our obligations under *Wende*, *supra*, 25 Cal.3d at page 441. We are satisfied that Bloodsaw received adequate and effective appellate review of the judgment in this action, that his counsel fully complied with their responsibilities, and that no arguable issues exist. (*Kelly*, *supra*, 40 Cal.4th at pp. 109–110; *Wende*, at p. 443.)

4

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


                                        JOHNSON, J.


We concur:


    CHANEY, Acting P. J.


    LUI, J.